## DOLE vs. NORTHROP and others.

In an action on a note, which, on its face, calls for legal interest only, if the answer alleges that a certain sum was paid *on the note*, and the proof shows that it was paid as usurious interest in accordance with the oral agreement entered into at the time the note was given, the plaintiff is entitled to judgment for the balance due on the note after deducting the amount so paid.

An amendment should not be allowed to an answer, so as to set up the defense of usury to defeat a recovery of the principal and legal interest, if under the original answer the court can do equity between the parties by rendering judgment for the principal and legal interest less any sum paid as usurious interest.

Where such an amendment was allowed after the lapse of several terms of court from the commencement of the action, and after a judgment had been entered and a new trial granted : *Held,* that the allowance of the amendment was an abuse of the discretion of the court ; and the order was appealable.

APPEAL from the Circuit Court for *Rock* County.

Action commenced in April, 1862, on a promissory note for $1000, executed by defendants to plaintiff, October 15, 1858, with interest at twelve per cent. The complaint alleged that no part of the note had been paid except the interest for six months. The answer alleged a further payment of $180, on

or about the 14th of April, 1859, and demanded " that that sum be allowed as set-off and payment against and upon said note." There was a reply in denial. At the November term of said court, 1862, plaintiff obtained a judgment for $1433.33 damages. On the 21st of August, 1863, on defendants' motion, the judgment was set aside and a new trial granted, on terms; and on the 17th of September following, the plaintiff was required to show cause why defendants should not be permitted to amend their answer so as to set up the defense of usury and the payment of $180 as usurious interest, and so as to demand that the note might be declared void, or, in case the court should hold that the plaintiff was entitled to recover the original sum loaned, that the $180 might be applied as a payment thereon.

The motion to amend was founded on an affidavit of the defendant *Northrop*, which states, in substance, that the original answer was drawn up and put in by the attorney employed for that purpose while affiant was absent from the state; that said attorney was requested by the other defendants, or some of them, to set up the defense of usury; that affiant supposed he was going to do so, and believes the other defendants expected that he would and believed that he had set up that defense; and that affiant did not know or suspect, and is confident that neither of the other defendants knew or suspected, that said defense had not been interposed, until about a week before the making of said affidavit.

The court granted the motion to amend; and the plaintiff appealed.

*Todd & Converse*, for appellant, to the point that leave will not be given to amend a pleading for the purpose of setting up the defense of usury, cited 7 How. Pr. R., 234; *Catlin v. Gunter*, 1 Duer, 253 ; *Lovett v. Cowman*, 6 Hill, 223 ; *Hallagan v. Golden*, 1 Wend., 302; 2 Wend., 294, 248, 585 ; *Utica Ins. Co. v. Scott*, 6 Cow., 606; 1 Paige, 429; 3 Wend., 573, 585 ; 6 id., 268, 277–9 ; 20 id., 633; 4 Johns. Ch., 375, 415 ; 1 id.,

367, 439; 5 id., 122; *Newman v. Kershaw*, 10 Wis., 339; *Gasper v. Adams*, 24 Barb., 287.

*M. A. Northrop* and *C. G. Williams*, for respondents:

1. The granting of the motion was a matter within the discretion of the court, and the order was not appealable. *Sherman v. Felt*, 2 Coms., 186; *Candee v. Lord*, id., 269; *Lansing v. Russel*, id., 563; *King v. Merchants' Ex. Co.*, 1 Seld., 547; 3 How. Pr. R., 425, 364; 4 id., 139, 213; 5 id., 359–60; *James v. Chalmers*, 2 Seld., 209; *Cronckhite v. Ellefson*, 9 Wis., 252; *M. & M. R. R. Co. v. Finney*, 10 id., 388; *Gillett v. Robbins*, 12 id., 331. If appealable, it will not be reversed unless there was an *abuse* of discretion. *Matteson v. Curtis*, 14 Wis., 436; *Russel v. Conn*, 20 N. Y., 81. The defense of usury should not be regarded as unconscionable. The effect of the usury laws has been most salutary, and the policy established by the legislature should be carried out by the courts. There was no abuse of discretion. *Grant v. Mc Caughin*, 4 How. Pr. R., 216; *Brown v. Mitchell*, 12 id., 408; *Catlin v. Gunter*, 1 Kern., 368.

*By the Court*, DOWNER, J. This is an appeal from an order allowing the defendants below to amend their answer so as to set up the defense of usury. By the first answer the defendants set up a payment of $180 on the note on which the suit was brought, and " demanded that that sum be allowed as set-off and payment against and upon said note." By the amended answer the defendants allege, in substance, that the plaintiff loaned to the defendants $1000, for which they gave their note with twelve per cent. interest, and at the same time the parties agreed, the defendants to pay and the plaintiff to receive two per cent. per month in addition to the twelve per cent. interest expressed in the note; that on or about the 18th day of April, 1859, the defendants paid to the plaintiff $90, and two days thereafter $90 more—in all $180, which was paid and received as corrupt and usurious interest. It is evident, or at least we may reasonably infer from the pleadings, that this $180 is the

same money or claim set up in the original answer as a pay-ment or set-off, and if paid, whether paid as usury or not, might have been proved under the first answer, and the defendants received credit for the amount of money the plaintiff had ac-tually received; and the plaintiff, under those pleadings, would have had a right to recover the amount of money actually loaned, and interest as agreed in the note, less the payment or set-off, if proved. This would have been doing equity be-tween the parties, according to the principles formerly adopted by the court of chancery, and still acted on, except where al-tered by statutory provisions, on granting relief against usuri-ous contracts. *Dunham v. Dey*, 15 Johns., 556; *Jordan v. Trumbo*, 6 Gill & J., 103.

By the provisions of the statute of 1859, all usurious con-tracts are void. According to the previous statute, they were good for the sum actually loaned, but no interest could be re-covered. Such statutes have always been regarded as highly penal; and although the borrower, or party to the corrupt agreement, was allowed to avail himself of these provisions, yet he could waive the defense of usury, and courts have gen-erally refused him leave to amend his plea or answer for the purpose of setting it up. The equity rule, requiring the bor-rower to pay, or offer to pay, the amount actually loaned and legal interest before the aid of the court would be given, has generally been regarded as sound in morals. As between the borrower and the lender (both being guilty of violating the law), the former ought, in equity and good conscience, to pay the amount actually loaned; and, if he does not, must be re-garded as withholding that which morally, though not legally, rightfully belongs to the lender. If this be so, then the bor-rower should at least use ordinary diligence in setting up his defense.

In this action the first answer was served April 22, 1862; the order granting leave to file the amended answer was made September 18, 1863. Between these dates there had been four

or five terms of the circuit court, general and special; judgment had been entered in the action, and a new trial granted. It appears to us, under the circumstances, it was an abuse of discretion to allow the amendment; and we think the order is appealable.

In the case of *Newman v. Kershaw*, 10 Wis., 333, the court held that an answer setting up the defense of usury defectively might be amended. The only question before the court in that case was, whether the order sustaining the demurrer to the answer should be reversed or affirmed. It was affirmed because the answer was defective in substance. We are inclined to think the remark that the answer might be amended should be regarded as an *obiter dictum*; but the court in that case did not decide as to the *terms* of amendment, and there is nothing in the opinion inconsistent with the idea that it would have required the defendant to .pay or offer to pay, and give judgment for the amount actually loaned and legal interest, as a condition of the amendment.

The order of the circuit court is reversed, with costs.