## MOLL vs. SEMLER and another.

PRACTICE: AMENDMENT. (1) *By whom amendment of pleading may be allowed.* (2) *Whether always "on terms."* (3, 4) *When order allowing amendment will be reversed.*

1. A court commissioner has the same power as a judge at chambers to allow an amendment to a pleading. Laws of 1862, ch. 358.
2. The power to grant an amendment "upon such terms as may be proper," does not require the imposition of terms in all cases.
3. This court will not reverse an order granting leave to amend a pleading, unless there has been an abuse of discretion.
4. Ten days after defendants' right to amend as of course had expired they were permitted by a court commissioner to amend their answer (without any terms), upon filing an affidavit of merits, a copy of the proposed amendment, and an affidavit of one of the two defendants stating that the facts alleged in the amendment were not known to him when the original answer was filed, but only to his co-defendant in California, from whom he had to obtain them. The circuit court having refused to vacate the court commissioner's order, *Held*, that there was no abuse of discretion.

APPEAL from the Circuit Court for *Washington* County.

The plaintiff appealed from an order of the court denying his motion to set aside an order of a court commissioner allowing defendants to amend their answer. The case is sufficiently stated in the opinion.

*Frisby & Weil*, for appellant, argued that the court commissioner cannot allow amendments to pleadings, nor any orders except those which are made *without notice* (R. S., ch. 140, sec. 29); that such an officer cannot exercise the *discretionary* powers of the "court;" and that our statutes distinguish everywhere between acts which may be done by the "court," "the court or a judge thereof," or "the court, or judge, or court commissioner" (R. S., ch. 125, sec. 37; same chapter, sec. 42; ch. 129, sec. 5.) On the general subject of the power of inferior judicial officers, they cited *Rogers v. McElhone*, 20 How. Pr. R., 441; *Merritt v. Slocum*, 3 id., 309; *Gardner v. Comm'r, etc.*, 10 id., 181. They also contended that the amendment could only be allowed "upon terms" (R. S., ch. 125, sec. 37); and that the defendants had not shown themselves entitled to the favor of the court, and it was an abuse of discretion to permit them to amend at all, but especially without terms.

*Butler & Winkler*, for respondents.

LYON, J. A court commissioner for the county in which the action is pending, made an order upon the plaintiff, to show cause before such commissioner why the defendants should not have leave to amend their answer, theretofore served in the action; and on the return day of the order, to wit, February 8, 1871, the commissioner made an order granting such leave, and imposed no terms upon the defendants as a condition thereof. The original answer contains a counterclaim, and the reply thereto was served January 9, 1871. An affidavit of merits—a copy of an affidavit of the defendant *Semler*, giving, as the reason why the original answer did not contain a state-

ment of all the facts stated in the proposed amended answer, that his co-defendant was in California, and that such facts were not within his (affiant's) knowledge and he had to obtain them from his co-defendant, who alone was cognizant thereof— and a copy of the proposed amended answer, were served with the order to show cause.

From the order of the commissioner giving the defendants leave to amend their answer, the plaintiff appealed to the circuit court, or rather made a motion to the court to set aside and vacate such order. The court denied the motion, and the plaintiff appeals from the order of the circuit court denying such motion and refusing to set aside and vacate the order made by the commissioner.

We are of the opinion that the order of the circuit court should be affirmed.

I. Up to the 29th of January, or until within ten days of the time when the order was made giving them leave to amend their answer, the defendants had an undoubted right to amend it, as of course and without costs. R. S., ch. 125, sec. 36. They might have amended it under the statute in the same particulars in which it has been amended pursuant to the order of the commissioner. There is no pretense that the plaintiff has been subjected to any delay by reason of the amendment. And under the circumstances we think it a very proper exercise of discretion to permit such amendment to be made.

II. There can be no doubt that the commissioner had power to make the order granting leave to amend the answer. No one will deny the power of a judge of the circuit court at chambers to make such an order, and the statute gives the commissioner equal powers. "He shall have and may exercise within his county the powers and authority of a circuit judge at chambers, in any civil action in the circuit court, except as otherwise provided by law." We know of no provision of law which restricts the power of the commissioner to allow amendments to pleadings, or which confers upon the judge at

chambers greater power in that respect than is conferred upon the commissioner. Laws of 1862, chap. 358.

III. The amendment was allowed without imposing any terms upon the defendants as a condition thereof. This is purely a matter of discretion in the officer or court making the order. When the statute confers the power to grant the amendment "upon such terms as may be proper," it by no means makes it obligatory upon the court or officer granting the same to impose terms in all cases, but gives the power to do so when, in the opinion of such court or officer, terms ought to be imposed.

In the present case, the commissioner, in the exercise of a sound discretion, imposed no terms upon the defendants; and we cannot review the correctness of his judgment.

IV. Were it not for the decision of this court in *Dole v. Northrop*, 19 Wis., 249, I should greatly doubt whether this order is appealable at all. I have no disposition, however, to disturb the ruling in that case. But the rule is there recognized, that the court will not reverse an order granting leave to amend a pleading unless it was an abuse of discretion to grant such leave. This is doubtless the correct rule; and in the present case we are unable to find in the order of the commissioner or of the circuit court any such abuse of discretion as will authorize this court to set aside or reverse their proceedings in the premises.

The order appealed from must therefore be affirmed.

*By the Court.*— Order affirmed.