Magoon vs. Callahan.

*By the Court.* — Order affirmed.

## MAGOON vs. CALLAHAN.

FORECLOSURE OF LAND CONTRACT: VACATING JUDGMENT. *(1) Defendant not required to deposit money alleged to have been paid. (2) Allowed one year for making payment. (3) Required to pay sum admitted to be due as a condition of opening judgment.*

Upon a complaint for a strict foreclosure of a contract for the purchase of land of which plaintiff claimed to have the legal title, judgment was rendered in default of an answer, requiring defendant to pay the contract price, with interest, etc., within fifteen days, or, in default thereof, barring his rights. Upon affidavits excusing his default, defendant moved at the next term to set aside the judgment, and for leave to file an an-

swer alleging that on the day of the date of said land contract, and for a long time previous, he was the owner of said land; that on that day he borrowed of the plaintiff the sum named in said contract, and, to secure payment of the same, executed and delivered to the plaintiff a deed of said land, and took from him the contract in question; that he was then a married man, said land was his homestead, and his wife did not execute or assent to his said deed, for which reason it was void; and that he had paid fifty dollars interest not allowed in the judgment. The court granted the motion on condition that defendant, within ninety days, deposit with the clerk for plaintiff the principal sum admitted by the answer to be due, with interest from the date of the contract, fifty dollars not to be paid by the clerk to the plaintiff until the further order of the court relative thereto, made after the final hearing of the action. On appeal by the defendant, *Held*,

1. That the order should be so far modified as not to require defendant to deposit the fifty dollars alleged to have been paid.

2. That if the facts stated in the answer are true, the deed and contract therein mentioned probably constitute a mortgage, upon the foreclosure of which the mortgagor would have a year to redeem from the sale; and the order should therefore be so modified as to give defendant a year for making his payment.

3. That as the defense set up in the proposed answer affects the validity of the instruments as a security, the court did not err in requiring the defendant, as a condition of opening the judgment, to pay the sum admitted to be due. *Hanson v. Michelson*, 19 Wis., 499, distinguished.

APPEAL from the Circuit Court for *La Fayette* County.

Action for the foreclosure of a contract for the purchase of land. The complaint alleged that the plaintiff, on the 6th of January, 1871, was the owner and in possession of the land; that on that day he entered into a written agreement with the defendant to convey it to him on or before one year from that date, upon the payment of $500, with interest at ten per cent., time being of the essence of the contract; and that defendant had not paid the purchase money, or interest thereon, or any portion thereof, the time having long since elapsed. Prayer, for a strict foreclosure. Judgment by default, May 26, 1875, requiring defendant to pay the amount found due by June 10, 1875, or, in default thereof, that he be forever foreclosed, etc. At the June term, 1875, defendant moved

to set aside the judgment, upon affidavits excusing the default, together with his sworn answer.   The answer alleged that at the date of the contract defendant was the owner of and resided upon the premises, the same being his homestead; that on that date he borrowed of plaintiff $500 for one year, agreeing to pay interest at ten per cent., and paid plaintiff on the same day $50 in full for interest to January 6, 1872, when the whole amount would become due; that at the time of executing the contract described in the complaint, he executed to plaintiff a deed of the premises solely for the purpose of securing said loan of $500; and that he was married, but his wife did not join in such conveyance.   July 1, 1875, the court set aside the judgment, upon condition that defendant, within ninety days from that date, should deposit with the clerk, for plaintiff's use, the sum of $500, and interest thereon at ten per cent. from January 6, 1871, according to the terms of the contract, $50 thereof not to be paid by the clerk to the plaintiff until the further order of the court made after the final hearing of the cause.   Defendant appealed from that portion of the order imposing the above conditions.

The cause was submitted by both sides on briefs.

*P. A. Orton* and *C. F. Osborn*, for appellant:

It was a gross abuse of discretion in the court to grant the motion upon conditions which, if complied with, would render the answer unavailing.   *Johns n v. Eldred*, 13 Wis., 482; *Rublee v. Tibbetts*, 26 id., 401.   The court seems to have proceeded upon the theory that the defense was unconscionable, and ought not to be permitted.   But, even putting it upon the same footing as the defenses of usury and the statute of limitations, the judgment should have been set aside and the answer let in.   "The courts should not undertake to say that certain defenses provided by law are hard and unconscionable, and therefore undertake to legislate against them."   *Bank of Kinderhook v. Gifford*, 40 Barb., 659.   The answer shows that the transaction between *Magoon* and *Callahan* consti-

Magoon vs. Callahan.

tuted a mortgage, both at law and in equity. *Kent v. Agard*, 24 Wis., 378; *Sage v. McLaughlin*, 34 id., 557. If so, the judgment should have been for foreclosure and sale, since this is the only way in which defendant's equity can be foreclosed. Defendant would then have a year from the time of sale within which to redeem; an important and sacred right, which he loses by this judgment.

*Magoon & Francis*, for respondent:

The terms imposed rested solely in the discretion of the court, and the facts disclosed show no abuse of that discretion. The defense disclosed by the answer is an inequitable and unconscionable one, and the terms imposed were no more than just. It is difficult to discover any distinction in principle between that defense and the defense of usury; and courts of equity have always required, as a condition of aiding a party against usury, that he should pay into court the amount actually due. See *Dole v. Northrop*, 19 Wis., 249; *Jones v. Walker*, 22 id., 220; *Weber v. Zeimet*, 27 id., 685.

COLE, J. It is practically conceded that the circuit court properly set aside the judgment on the ground that the defendant's default was excused. The only question is, whether the terms imposed as a condition to allowing the defendant to come in and answer were just and reasonable. After an examination of the case, we have concluded that there should be some modification of the order imposing terms. The defendant claims that he paid $50 in full for interest on the sum to become due on the contract, the day the papers were executed. We think he should not be required to deposit that sum with the clerk, as by the order he must do. Whether that sum was or was not paid as alleged or claimed, will be a proper question for determination on the evidence. It is certainly a controverted point in the case, and may well await the final hearing. It is true, the order provides that this $50 is not to be paid by the clerk to the plaintiff until the fur-

ther order of the court; and it is suggested on the part of the plaintiff that this relieves the condition from all objection, and fully preserves the rights of the defendant. But if that sum has once been paid on the contract, it seems to us unjust to require the defendant to again raise the amount to be deposited with the clerk to await the result of the litigation.

The provision in the order requiring the defendant to pay the amount which he admits to be justly due and payable, is correct, except that we are inclined to think the court should allow him until July 1, 1876, to make the payment. Our reason for giving this time is this: If the defendant's version of the transaction is correct, the deed and contract executed on the 6th day of January, 1871, probably constitute a mortgage to secure the payment of a sum loaned. On the foreclosure of a mortgage there is a sale of the property, and a year given to redeem. The defendant should have about that time to make payment, and this he secures by this modification of the order.

Counsel, however, insist that as the defendant satisfactorily excused his default and showed that he had a defense on the merits, he should have been allowed to answer without any conditions. We cannot assent to this proposition. The defense set up in the answer was, that the property conveyed was the defendant's homestead; that he was a married man; and that the deed was void because not executed by his wife. This defense, if sustained, affects the validity of the instruments as securities. And the defendant asks a court of equity to exercise its discretion and enable him to make that defense. And the court merely requires him to pay the money confessedly due and payable as a condition to coming in to avoid and set aside the securities. It is quite analogous to permitting a party, after default, to come in and make the defense of usury, with this difference: here the plaintiff is guilty of no wrong; he may not even have been wanting in proper diligence in taking the conveyance without the signature of the

wife; for it does not appear that the defendant's wife lived with him — indeed, the inference from the answer is that she does not, — and the plaintiff consequently may not have known that he was a married man; while in the case of usury the lender is guilty of a violation of law. Still, as a condition of aiding a party against usury, this court has held that it was just and reasonable to require the borrower to pay the principal sum due and interest. *Dole v. Northrop*, 19 Wis., 249; *Jones v. Walker*, 22 id., 220; and *Weber v. Zeimet*, 27 id., 685. According to our view, it was a most reasonable exercise of discretion on the part of the court to require the defendant to pay the amount confessedly due and owing as a condition to allowing him to come in with his proposed defense. Nor do we think this view is in conflict with the decision in *Hanson v. Michelson*, 19 Wis., 499. The leading facts of the two cases are so unlike that they cannot be brought within the application of the same principle. Here the defendant admits that he justly owes the plaintiff $500, and the interest thereon from January 6, 1872; and every principle of law and all rules of honest dealing require him to pay his debt.

*By the Court.* — The order of the circuit court is reversed, and the cause is remanded for a modification of the terms imposed, as indicated in this opinion.