Pier and another vs. Amory.

---

PIER and another vs. AMORY.

PRACTICE:    *Terms of relief from default.*

After reversal here of an order vacating, on defendant's motion, a judgment taken by default, defendant, upon an affidavit of merits and papers showing that the default occurred from a mistake for which both parties were responsible, again moved to vacate and admit a proposed verified answer, alleging payment in part of the indebtedness charged in the complaint. *Held*, that the court properly required, as terms of the relief sought, payment of the costs of the former appeal, and of so much of the judgment as is admitted to be due; but it was error to require defendant to pay, either to the plaintiffs or into court, any sum of which the answer pleads payment.

APPEAL from the Circuit Court for *Fond du Lac* County.

This action was commenced by attachment, defendant being a nonresident, and was founded upon two promissory notes of the defendant, one for $3,500, dated October 4, 1872, and one for $1,000, dated February 7, 1873. Plaintiffs took a judg·ment as for default of an answer, February 26, 1876, for $5,335. A motion by defendant to vacate the judgment for various irregularities, and for lack of jurisdiction, was granted

at a subsequent term, but was reversed by this court. See 40 Wis., 571–573. After the cause was remitted to the circuit court, defendant again moved to vacate the judgment and for leave to file a verified answer, founding his motion upon the records in the cause, and certain affidavits, and the proposed answer. The defenses set up in said answer were, 1. That the first note was usurious, defendant having only received therefor $2,500. 2. Payment of $1,595.91 upon the first note. 3. Payment in full of the other note.

The affidavits in defendant's behalf, above mentioned, tend to show, 1. That the attorneys employed by him to defend were prevented from serving a demurrer within the time allowed by law, by an erroneous assurance given to the person employed by them at Fond du Lac to make such service, by a clerk in the office of plaintiffs' attorney, to the effect that it appeared from the papers in the cause, in such clerk's possession, that the time for such service had expired. 2. That defendant's attorneys were ignorant of the true reason for the failure of their agent to serve the demurrer until *after* the hearing of their former motion to vacate the judgment. 3. That the real estate of defendant attached in the cause is of much greater value than the debt for which suit is brought. 4. That the judgment was entered without notice, and before the time to answer had expired. There is also an affidavit of merits in the usual form.

Counter affidavits read for the plaintiffs at the hearing of this motion, tend to show that the assurance given by the clerk of their attorney to the person employed to serve the demurrer, as to the expiration of the time for such service, was given in good faith, upon such clerk's construction of the law. One of the affidavits further states, upon information and belief, that the defendant claims to be insolvent; that the property attached is not worth nearly sufficient to pay plaintiffs' demand, independent of costs; that defendant has not offered to pay any of the costs made by him in this action in

seeking to evade his default; and that, unless payment thereof be compelled, the amount will be wholly lost to the plaintiffs.

The court made an order that, upon defendant's complying with certain conditions, the judgment should be vacated, and the cause stand at issue on the proposed answer; but that otherwise the motion should be denied, with costs. The conditions were, 1. That defendant should pay plaintiffs the costs in the supreme court previously taxed in the case ($96.66), with ten dollars costs of this motion, together with the clerk's costs on this motion, within ninety days after service of a copy of the order on defendant's attorneys. 2. That within the same time, defendant should pay to the clerk of said court $2,500, with interest at seven per cent. from October 4, 1872; that of this amount the clerk should retain a sum equal to the aggregate amount of the sums alleged to have been paid on the first of the notes in suit ($1,595.91), with interest from the date of the first payment alleged (June 1, 1873), subject to the further order of the court; that this sum should be repaid to the defendant if he should fully sustain his allegation of usury and payments; that if he should sustain the allegation of usury and prove only part of the payments alleged, he should be paid such part only; that if the defense of usury should fail, the whole sum so retained by the clerk should be paid to the plaintiffs and deducted from the amount recovered; and that if the defense of usury should be sustained, and only part of the payments alleged should be proved, the excess should be paid to the plaintiffs.

The defendant appealed from those portions of the order imposing terms.

For the appellant, a brief was filed by *Finches, Lynde & Miller*, and the cause was argued orally by *H. M. Finch.* They contended, that the case was properly one of " mistake," within the statute authorizing a judgment to be set aside on that ground (*Kennedy v. Waugh*, 23 Wis., 468; *Rogers v. Wright*, 21 id., 681; *Jones v. Walker*, 22 id., 224); that the

mistake was that of Eastman, without any fault of the appellant or his attorneys, and the relief asked should have been granted without terms; and, that, even if the default had been caused wholly by defendant's mistake or inadvertence, the only terms which should have been imposed were, payment of the difference between the amount admitted to have been received and the amount alleged to have been paid. *Jones v. Walker, supra.*

For the respondent, a brief was filed by *E. S. Bragg*, and the cause was argued orally by *J. C. Gregory.* They contended, among other things, 1. That the court might well have refused to vacate the judgment at all, because, (1) The default was occasioned, not by a mistake *of fact*, but by a mistake *of law*, or by negligence which was *not excusable.* Graham on N. T., 174 et seq.; *Macomber v. Mayor*, 17 Abb. Pr., 37. (2) The principal defense set up was not a meritorious but an unconscionable one. *Jones v. Walker*, 22 Wis., 220.   2. That even if the case was one of excusable neglect, the terms imposed were not an abuse of discretion.  Tidd's Pr. (3d Am. ed.), *568; *Jones v. Walker, supra; Weber v. Zeimet*, 27 Wis., 685; *Magoon v. Callahan*, 39 id., 141; *Jellinghaus v. N. Y. Ins. Co.*, 5 Bosw., 678.

Ryan, C. J.   The mistake on which the motion in the court below was founded, appears to have been one for which both parties were in some degree responsible, and fully supports the order to open the judgment.   And the only question here is upon the terms imposed on the appellant.

The payment of the costs of the former appeal in this court was a proper condition of the order.   This was so held at the present term in *McWilliams v. Bannister, ante*, p. 301.

Nothing disclosed by the record would warrant us in holding that it was an abuse of discretion by the court below, to require payment of so much as the answer admits to be due. But the order should not have required the payment of more.

The appellant should not be required to pay, either to the respondent or into court, any sum of which he pleads payment. *Magoon v. Callahan*, 39 Wis., 141.

No question was made upon the argument, or appears properly to arise on this appeal, under sec. 6, ch. 61, R. S., revised by ch. 157 of 1872.

*By the Court.* — So much of the order as requires the appellant to pay into court the sum of $2,500, is reversed, and the cause remanded with directions to the court below to modify the order so as to conform to this opinion.