JANUARY TERM, 1871.    685

Weber and another, Exr's, vs. Zeimet and others, impleaded, etc.

WEBER and another, Exr's, vs. ZEIMET and others, impleaded, etc.

DEFAULT OPENED—USURY AS DEFENSE: *On what conditions default opened to permit usury to be set up as a defense.*

1. A court may properly refuse to set aside a default and permit defendant to answer, setting up the defense of usury, except upon condition that he pay the principal sum due from him with interest at the legal rate, as well as costs of the action.

2. Where subsequent grantees of mortgaged land, made defendants in foreclosure, ask to have their default opened and to set up usury as a defense, each should be required to pay only his equitable proportion of the debt (in view of the order of alienation and the comparative value of different parts of the property); and this proportion may have to be determined by a reference.

APPEAL from the Circuit Court for *Dane* County.

Foreclosure of a mortgage made to secure a bond running to plaintiffs' testator. The mortgage was executed and delivered December 1, 1855, the mortgagor and the mortgagee both residing in the state of New York. The record shows that in January, 1857, the mortgagor paid one year's interest at ten per cent.; that no subsequent payments were made; that the mortgagee died in 1857; and that no efforts were made to enforce the mortgage till April, 1870.

*Zeimet, Brereton* and *Knapp*, and one Norton, who had severally acquired the mortgagor's title to parts of the mortgaged premises by payment of full price therefor, were made defendants, but failed to answer within the time for answering. Thirty days after it had expired, *Zeimet, Brereton* and *Knapp* served affidavits accounting satisfactorily for their delay, and asked leave to file an answer setting up the defense of usury. The court granted leave on condition that they deposit the amount they admitted to be loaned, with interest at seven per cent. From this ruling said defendants appealed.

*Carpenter & Chase,* for appellants, contended that, where there was an excusable default, the order of court setting aside the default should be unconditional; and made a distinction between the cases where the defendant, having pleaded other defenses than usury, seeks to amend by pleading usury, or seeks a new trial upon such a defense, in which he is required to pay into court the amount due as a condition, and those cases where there has been an excusable default in preparing the answer. In such cases, it was claimed, the nature of the defense should never be taken into consideration in granting the application. *Gourlay v. Hutton,* 10 Wend. 595; *Allen v. Mapes,* 20 id. 633; *Lovett v. Cowan,* 6 Hill, 223; *Grant v. Mc-Caughin,* 4 How. 216; *Brown v. Mitchell,* 12 id, 408; S. C., 2 Abb. Pr. 481; *Union Bank v. Bassett,* 3 id. (N. S.) 359; *Bank of Kinderhook v. Gifford,* 40 Barb. 659; *Sheldon v. Adams,* 41 id. 54; *McQueen v. Babcock,* 3 Keyes, 428. They further argued that, as all the parties claiming under the mortgage were not included in the order of court requiring the money to be deposited, the order was to that extent wanting in equity, as imposing an undue burden on the appellants.

*Sidney Foote* and *J. Bowman,* for the respondents, cited in support of the rule, *Dole v. Northrup,* 19 Wis. 249, and *Jones v. Walker,* 22 id. 220.

Cole, J. There can be no doubt that the default in this case was sufficiently excused; and the only question is, whether the defendants should be permitted to answer except upon condition of paying the amount which they ought in equity to pay. They seek to have the default set aside, and to set up the defense of usury to the bond and mortgage. The court set aside the default, and granted leave to answer upon condition that the defendants, within thirty days, deposited in court the principal sum due upon the mortgage, together with interest thereon at the rate of seven per

cent., and pay the plaintiff's attorney ten dollars costs on the motion. It is claimed that the court had no right to impose any such conditions when the default was excused.

In the cases of *Dale v. Northrop*, 19 Wis. 249, and *Jones v. Walker*, 22 id. 220, the defendants asked leave to amend their answers so as to set up usury, and leave was granted on condition that they pay the principal sum due, with interest. And this court held that the terms imposed were reasonable and just, and that there was no abuse of the discretion of the court in requiring what courts of equity have always required as a condition of aiding a party against usury.

It appears to me that these cases dispose of the question whether the court was justified, on relieving the defendants from the consequences of the default, in requiring that they should pay such portion of the mortgage debt as they ought in equity to pay, as a condition to setting up the defense of usury. But the counsel for the defendants insists that there is a clear and well settled distinction between the cases where the defendant seeks to amend his pleading by setting up the defense of usury and cases where there has been an excusable default. In the latter class of cases, it is said, the court never looks into the character of the defense on granting the application. There are certainly cases which make this distinction; but they do not seem to me to rest upon satisfactory grounds. I am unable to see why there should be any discrimination in the two cases. In each, the defendant asks a favor of the court; and in the one case the court says it will not grant the favor and allow a pleading to be amended so as to set up a hard or unconscionable defense, like usury, except upon payment of the amount actually due: and in the other case it grants the favor of opening the default without taking into consideration the nature of the defense. The rule should be the same in both cases; and if in the one

case the court only allows the amendment upon payment, it should impose the same condition upon setting aside the default. It should not discourage the defense of usury when an amendment to a pleading is asked in order to set it up, and treat the same defense with indulgence when it relieves from the consequences of a default regularly taken. The principle upon which the court acts in the case is, that when a party asks a favor of the court, and there is no statute controlling its action, it makes discriminations dependent on the nature of the defense, and imposes different terms on letting in an unconscionable defense from what would be required in one more favored in law. And this principle is as applicable in setting aside a default to let in the defense of usury, as where a party seeks to amend by pleading usury.

We are inclined to think, however, that the order should be modified so as to provide that each grantee and defendant shall only be required to deposit his share of the mortgage debt. This will depend, of course, upon the order of alienation, and the relative value of the premises purchased by each defendant to the whole mortgaged premises. It will probably be necessary for the circuit court to make a reference to ascertain the amount which each defendant should deposit in accordance with these principles.

*By the Court.*—Order modified.