## ELDRED VS. THE OCONTO COMPANY.

*Practice — Amendment — Statute of limitation.*

Where defendant in ejectment claims under a tax deed, it is not an abuse of discretion to deny him leave to amend his answer so as to set up the *statute of limitations* in support of the deed.

APPEAL from the Circuit Court for *Oconto* County.

Ejectment. Complaint in the usual form. Original answer a general denial. Defendant afterward moved for leave to amend its answer by adding a plea of the statute of limitations in support of a tax deed under which it claimed, and which had been of record more than three years before the commencement of the action. Motion denied, and defendant appeals to this court.

*Hastings & Greene*, for appellant, contended that in allowing amendments, no discrimination should be made as to the character of the defense sought to be interposed, whether such as are sometimes called unconscionable, like the statute of limitations and usury, or otherwise; but that all defenses recognized by statute should be allowed to stand on an equal footing, and no discrimination should be made by the courts against the spirit of a statute. *Shelden v. Adams*, 18 Abb. Pr., 407; *Catlin v. Gunter*, 1 Kern., 375; *Grant v. McCaughin*, 4 How. Pr., 216; *Brown v. Mitchell*, 12 How. Pr., 408; *Bank of Kinderhook v. Gifford*, 40 Barb., 659; *McQueen v. Babcock*, 3 Keyes, 428; *Rogers v. Wright*, 21 Wis., 681; *Jones v. Walker*, 22 Wis., 223.

*Neville & Tracy*, for respondent, insisted that the granting or refusal of the motion was almost entirely within the discretion of the court, and that nothing short of an abuse of that discretion would justify any interference with the order. In New York such orders are held not appealable, and the exercise of the discretion of the court below will not be reviewed by the appellate court. *Gould v. Rumsey*, 21 How. Pr., 97; *N. Y. Ice Co. v. N. West. Ins. Co.*, 23 N. Y., 357; Voorhies Code, 10 ed., 272, and cases there cited.

This court has held the order appealable, but still holds that it cannot interfere unless there has been a clear and gross abuse of its discretion, by the court below. *Beam v. Moore*, 2 Chand., 44; *Mil. and Miss. R. R. Co. v. Finney*, 10 Wis., 388; *Dole v. Northrop*, 19 Wis., 249; *Jones v. Walker*, 22 Wis., 220, 222. The law has been well settled by a long and unbroken series of decisions, that the defenses of usury and the statute of limitations stand upon equal ground, that they are both unconscionable defenses, and that an amendment will never be allowed for the purpose of setting up either of them. See *Hallagan ads. Golden*, 1 Wend., 302; *Jackson v. Varick*, 2 Wend., 294; *Wolcott v. McFarlan*, 6 Hill., 227; *Sagory v. N. Y. and N. H. R. R. Co.*, 21 How. Pr., 455.

COLE J.   The sole question presented by this appeal is, whether the circuit court was guilty of an abuse of discretion in refusing to permit the defendant to amend its answer by adding to the general denial, a plea of the statute of limitations in support of a tax deed under which it claims the land in controversy?   The original answer was served upon the plaintiff on the 24th of June, 1871, and on the 25th of March, 1872, application was made for leave to amend in order to set up that defense.

We think there was no abuse on the part of the circuit court in denying the application to amend.   This is what is generally termed an unconscionable defense, and this court has said in a number of cases when the question has arisen, that in allowing amendments, a distinction might be made between the defense of usury, and the statute of limitations and other defenses, see cases referred to in *Fogarty v. Horicon,* unreported.   This latter case was an application made in the justice's court to amend an answer by pleading the statute of limitations.

The justice refused to allow the amendment, and the district court and this court approved of the ruling of the justice.   That case is strictly in point and is decisive of the question before us. It is true in the case of *Orton v. Noonan,* 25 Wis., 672, the point is somewhat discussed whether the former owner of land should be allowed to amend his answer in an action of ejectment so as to set up the statute of limitations to defeat a tax deed, and the Chief Justice remarks: "if leave to amend were asked and granted on suitable terms, we cannot say it would be error."   But this was obviously intended to sanction a discrimination in favor of the original owner and against the holder of a tax deed in what is characterized in the opinion as a "*hard action.*"   Here the defendant sought to make the amendment in order to avail itself of the benefit of the statute in support of a tax deed, and thus to bar the title of the original owner.   The distinction between the two cases is plain and obvious.

The counsel for the defendant insists that courts transcend their

power when they attempt to make a distinction between different defenses, declaring a certain class harsh and unconscionable. But courts have generally exercised that power when a party was appealing to their favor or discretion in allowing amendments, and we are not prepared to say that the discrimination is unjust or condemned by the policy of the law.

*By the Court.*—The order of the circuit court refusing to allow the amendment, is affirmed.