## DEHNEL VS. KOMROW.

PLEADING. (1) *Complaint held sufficient.* (2) *If not definite and certain, party may be compelled to make it so.*

STATUTE OF LIMITATIONS. (3) *When not abuse of discretion to refuse amendment interposing defense of.*

1. An oral complaint in justice's court was entered by the justice thus: "Plaintiff complains for money had and received by the defendant from the plaintiff, and interest thereon for balance due him, to the amount of $230, and asks judgment for $200, with costs of action." *Held,* sufficient under the statute, which only requires the pleading to be "such as to enable a person of common understanding to know what is intended." (Tay. Stats., 1362, § 51, subd. 5.)

2. If the complaint did not give the particulars of plaintiff's demand with sufficient certainty, the court had power (subd. 7) to compel him to make it more specific.

3. On appeal to the circuit court, it was in its discretion to allow or refuse an amendment of the answer, setting up the statute of limitations; and there was no abuse of discretion in refusing such an amendment, where no excuse was shown for neglecting to plead the statute in the first instance, and where also the evidence showed a payment of interest by defendant a short time before the action was brought.

APPEAL from the Circuit Court for *Marathon* County.

The action was commenced before the police justice of the city of Wausau. The pleadings were oral, and were entered by the justice in his docket, as follows: "Plaintiff complains for money had and received by the defendant, from the plaintiff, and interest thereon, for balance due him, to the amount of two hundred and thirty dollars, and asks judgment for two hundred dollars, with costs of action. Defendant denies the allegations of the complaint." A trial before the justice resulted in a judgment for the plaintiff, from which the defendant appealed.

When the cause was reached in the circuit court, and after a jury was impaneled and sworn, the defendant asked leave of the court to amend his answer by inserting therein the defense of the statute of limitations. Leave was denied. A copy of the proposed amended answer was served on the attorney for the plaintiff on the day before the trial, and returned by the latter to defendant's attorneys. On the trial, it was objected on behalf of the defendant, that the complaint fails to state a cause of action. The undisputed evidence is, that in 1865, and more than eight years before the action was commenced, the plaintiff loaned the defendant $150 for six months; that in 1873 the latter let the plaintiff have a small quantity of potatoes, the price of which it was agreed should be applied on the interest of the loan; and that no other payment has been made thereon.

No instructions to the jury were asked or given. The plaintiff had a verdict, on which, after a motion for a new trial had been denied, judgment was entered; and the defendant appealed.

*Silverthorn & Hurley*, for appellant, insisted that the rule, which seems to prevail against the allowance of amendment, setting up plea of the statute of limitations, is not inflexible. *Fogarty v. Horrigan*, 28 Wis., 142; *Richardson v. Chynoweth*, 26 id., 656. That in this case the complaint did not show the time when the cause of action accrued, and, if it had alleged

the time, would have been demurrable, unless facts were also alleged to take it out of the operation of the statute. *Howell v. Howell*, 15 id., 55; *Heath v. Heath*, 31 id., 223; *Pritchard v. Howell*, 1 id., 131; *Hill v. Henry*, 17 Ohio, 9; Angell on Limitations, §§ 208–234.

*Carl H. Mueller,* for respondent, contended that it was not an abuse of discretion to refuse leave to amend by pleading the statute of limitations. *Jones v. Walker*, 22 Wis., 220; *Edwards v. Janesville*, 14 id., 26; *Wolcott v. McFarlan,* 6 Hill, 227; *Lovett v. Cowman*, 7 id., 223. That the evidence shows the plea would have been of no avail, a payment within a year prior to the suit brought, having been proved. *Cleveland v. Harrison*, 15 Wis., 670; *Eaton v. Gillet*, 17 id., 435.

LYON, J. This appeal presents but two questions for determination: 1. Does the complaint state a cause of action? and 2. Ought the judgment to be reversed because the court refused to allow the defendant, by amendment of his answer, to interpose the defense of the statute of limitations?

The first question must be resolved in the affirmative. A person of common understanding may know from the complaint that the plaintiff's claim in the action is for money loaned by him to the defendant, and for interest thereon. (Tay. Stats., 1362, § 51, subd. 5.) The omission of the date of the loan does not go to the cause of action. If the complaint does not give the particulars of the plaintiff's demand with sufficient certainty, the court had power to compel him to make it more specific, and would doubtless have done so in this case, had the objection been taken. (§ 51, subd. 7.)

The second question must be answered in the negative. It was in the discretion of the court to allow or refuse to allow the amendment to be made. *Eldred v. The Oconto Co.*, 30 Wis., 206; *Meade v. Lawe*, 32 id., 261; and cases cited. If the ruling of the circuit court in refusing to allow the proposed amendment can be reviewed on appeal, the judgment should

not be disturbed unless such refusal was an abuse of discretion. We cannot say that it was an abuse of discretion, in view of the fact that it was abundantly proved on the trial that, recently before the action was commenced, the defendant made a payment on the interest of the loan which is the subject matter of the suit. This evidence, unless successfully controverted, would have entitled the plaintiff to a verdict, even though the statute of limitations had been answered as a defense to the action. *Cleveland v. Harrison*, 15 Wis., 670. Besides, the defendant failed entirely to excuse his omission to interpose that defense earlier in the progress of the cause.

*By the Court.* — Judgment affirmed.