MORGAN and another vs. BISHOP and another.

*November 22 — December 12, 1882.*

*Statute of limitations — Pleading — Evidence.*

1. A defendant in ejectment who claims title under a tax deed must plead the statute of limitations (secs. 1210d, 1210e, R. S.) in order to make it available to protect such deed from impeachment for defects and irregularities in the tax proceedings.

2. When a tax deed is introduced in evidence by a defendant in ejectment, to show title in himself, the plaintiff may, without having pleaded them, show any facts affecting the validity of such deed, or which would render it unavailable to the defendant.

APPEAL from the Circuit Court for *Shawano* County.

The case is sufficiently stated in the opinion.

For the appellants there was a brief by *Jackson & Thompson,* and oral argument by *Mr. Jackson.*

For the respondents the cause was submitted on the brief of *G. W. Washburn.*

ORTON, J. This is an action of ejectment, and the defendant *D. S. Bishop,* in his answer, denied the plaintiffs' title, and alleged title in fee in himself, and admitted possession, and his wife, who is made defendant, disclaimed. The plaintiffs having proved title, the defendant *D. S. Bishop* introduced in evidence, against the objection of the plaintiffs, a tax deed from the county of Shawano to one C. S. Wescott, and also a deed from said Wescott to himself of the premises in question. The plaintiffs' objection to the introduction of the tax deed need not be noticed at this time, because, as we view the case, there was afterwards an error in the ruling of the circuit court which prevented a full trial of the cause, and which will render a new trial necessary. After the tax deed was received in evidence, the plaintiffs offered to show certain irregularities and defects in the antecedent tax proceedings which rendered it void, and the

circuit court sustained an objection of the defendants against the introduction of such evidence. The ground of the objection, as well as that of the ruling of the court thereon, is left to conjecture, as it is not stated in the record; but, from the position assumed by the learned counsel of the respondents, we presume that such ground was that the tax deed was protected by the statute of limitations of nine months in secs. 1210d, 1210e, R. S., although the learned counsel rather blindly insists that the deed was competent, notwithstanding such antecedent defects, to show title out of the plaintiffs or in a stranger. If the objection to such evidence rested on that ground, then it is answered by the claim sought to be established by such evidence, that the tax deed was void. Aside from this ground, giving the objection to any evidence to impeach the tax deed the broadest scope, two questions are raised: (1) Without pleading it, can this statute of limitations be made available to the defendant to protect his tax deed from such impeachment? (2) Can the facts consisting of such antecedent defects in the tax proceedings, which would invalidate the tax deed, be shown by the plaintiffs without pleading them?

As to the first question, the learned counsel of the respondents says in his brief: "We could not answer that the statute of limitations had run against the plaintiffs' cause of action, because such was not the fact," and yet the learned counsel would insist that the statute had run so as to protect the defendant's tax deed. This apparent contradiction seems to have arisen from a misunderstanding of the case cited of *Mead v. Nelson*, 52 Wis., 402. In that case the defendant answered by setting up his tax deed, and pleading this statute of limitations, although for brevity it is stated in the printed case, and in the statement of facts accompanying the opinion, that the statute of limitations had run against the plaintiff's cause of action. The statute had run against the plaintiff's cause of action, because it had run in favor

of the tax deed set up in the answer, and this is the proper way of pleading it, if the statute had run in favor of the tax deed before the action was commenced, for the statute in such case had run against the plaintiffs' cause of action. The case of *Mead v. Nelson, supra,* instead of being an authority to sustain the position of the learned counsel in this case, is directly against it, for the statute of limitations was pleaded, and for that reason this kind of evidence was excluded. Here the defendant does not even set up his tax deed, and of course did not and could not plead the statute to protect it. The learned counsel will have to look further than the case of *Mead v. Nelson* to find where this court has laid down the doctrine against an elementary rule of pleading that the statute of limitations, to be available, must be pleaded; and it is believed that all the cases in this court touching the question are uniform to that effect. *Orton v. Noonan,* 25 Wis., 675; *Eldred v. Oconto Co.,* 30 Wis., 206; *Lawrence v. Kenney,* 32 Wis., 281; *Tarbox v. Supervisors,* 34 Wis., 558; *Haseltine v. Mosher,* 51 Wis., 444.

As to the second question, whatever may have been the rule of pleading, when the defendant in ejectment set up title in himself by a tax deed, as to the necessity of a replication by the plaintiff of facts rendering such deed void, before the code, no such replication is now necessary or proper. It is therefore now a necessity that the plaintiff should be allowed, upon the introduction of the tax deed, to show any facts affecting its validity, or which would render it unavailable to the defendant, as title, without pleading them. *Mc-Mahon v. McGraw,* 26 Wis., 614, and authorities there cited; *Kent v. Agard,* 24 Wis., 378; *Nielson v. Schuckman,* 53 Wis., 638.

In this case the defendant has not even pleaded his tax title to notify the plaintiffs of such a defense, and, according to the practice, even before the code, the plaintiffs would have been allowed to attack any deed he might introduce to show

title out of the plaintiffs, or in himself, under the general denial of the plaintiffs' title. The circuit court erred in sustaining the objection of the defendants to the evidence offered by the plaintiffs going to show the tax deed void.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for a new trial.