PAINE VS. COMSTOCK.

*February 2 — February 20, 1883.*

REVERSAL OF JUDGMENT: *(1) For mistake, after offer to correct.*
LIMITATION OF ACTIONS. *(2, 3) Facts to be pleaded.*

1. The plaintiff in ejectment proved title to three eighths of a tract of land, but the court incorrectly found that he was the owner of five eighths thereof, and judgment was entered accordingly. After an appeal had been taken, the plaintiff, by notice, confessed the error and offered to have it corrected or that a new trial might be had without the payment of costs, stating that the mistake was of the attorney in drawing the findings and judgment, and that it was not discovered until after the appeal. *Held*, that notwithstanding such offer the appellant was entitled to a reversal of the judgment.

2. In pleading the statute of limitations the facts showing that the limitation has run must be stated.

3. An answer alleging that "if the plaintiff ever had any cause of action against the defendant the same is barred by the statutes of limitations," does not sufficiently plead any statute of limitations, and contains no allegation of facts which can be made definite and certain by amendment.

APPEAL from the Circuit Court for *Lincoln* County.

The case is stated in the opinion. The defendant appealed from the judgment.

For the appellant there was a brief by *Bump, Hetzel & Canon*, and oral argument by *Mr. Hetzel*.

For the respondent there was a brief by *H. H. Grace*, with *Finch & Barber*, of counsel, and oral argument by *Mr. Grace*.

ORTON, J. This is an action of ejectment to recover the possession of an undivided three eighths of the tract of land described in the complaint, containing the usual averments. The answer is, first, a general denial; and, second, "that if the said plaintiff ever had any cause of action against the defendant, the same is barred by the statutes of limitations."

The plaintiff proved title to the three eighths of the tract as alleged in the complaint, but the circuit court incorrectly found that he was the owner of five eighths of said tract, and judgment was entered accordingly. This was an obvious mistake, and might have been corrected on motion in proper time, but it was not; and after the appeal was taken, alleging this as one of the errors, the plaintiff, by notice, confessed the error, and offered to have the same corrected, or that a new trial might be had in the cause without the payments of costs, and alleged as an excuse that the mistake was of. the attorney in drawing the findings and judgment, and that it was not discovered until after the appeal.

As to the new trial tendered, it has been held by this court that a new trial granted on the payment of costs before an appeal, on the motion of the appellant, did not take away his right to appeal. *Gutwillig v. Stumes*, 47 Wis., 428. In such case he may waive his motion and appeal as if it had not been granted. Much less can an offer to correct the error, or submit to a new trial, affect the appeal or the right to appeal after the appeal has been taken. It is the appellant's right to have the judgment reversed for this error, notwithstanding this offer, and we can see no other way than to reverse the judgment for this error of fact, and remand the cause to the circuit court for its correction.

From the record before us, this case would seem to have been very informally tried. The introduction of some of the deeds in the plaintiff's chain of title was objected to on the ground that his action was barred by the statute of limitations. When the plaintiff had completed his evidence of title he then took upon himself to introduce in evidence a tax deed from the county of Lincoln to the defendant, dated April 27th and recorded April 28th of the year 1880, embracing the land in controversy, without objection on the part of the defendant, and then proceeded to show various defects in the assessment and other tax proceedings ante-

cedent to such deed, for the purpose of avoiding the same. When the plaintiff offered for this purpose the assessment roll of the town of Jenny for the year 1874 — for the non-payment of the taxes upon which for the year 1875 this deed was issued — for the purpose of showing that it had no affidavit attached to it as required by the statute, the defendant's counsel objected to the same " on the ground that it was immaterial and incompetent; that the statute of limitations had run in favor of the deed and also of the certificate." The sixth finding of fact was " that in the year 1874 the assessor of the town of Jenny, the town in which the lands were situated, failed, neglected and omitted to make and affix to the assessment roll the proper affidavit as required by law." This finding is excepted to by the defendant's counsel " for the reason that all inquiry into the regularity of the assessment of said land was barred by the statute of limitations, and that the same is not supported by the proofs."

It was in this negative way only that the defendant asserted any reliance upon this tax deed, either as evidence of title in himself or of title out of the plaintiff, under the general denial of the answer, or to show that the plaintiff's action was barred by any statute of limitations. It was only thus incidentally and impliedly made known at the trial that the defendant relied upon the *nine months'* statute of limitations provided by sec. 7, ch. 334, Laws of 1878, in application to tax certificates and tax deeds as a bar to the plaintiff's action. On the conclusion of the plaintiff's evidence, the defendant made no affirmative or formal offer of this tax deed or any other, nor did he claim the bar of the statute in relation to the same. The case was disposed of at the circuit, and it is now presented by the briefs on both sides to this court, as if the defendant had offered in evidence both the tax certificate and tax deed for the purpose of showing that the nine months' statute of limitations had

run against the action of the plaintiff in respect to both, and they had been both rejected for that purpose on the objection of the plaintiff, on the ground that the answer was defective in not setting them out or alleging them and pleading this statute in respect to them. The tax deed, as evidence of title in the defendant, was clearly invalid by reason of this one fatal defect in the assessment roll as stated in said sixth finding of fact, and that finding seems to have been warranted by the testimony, saying nothing of other defects in the antecedent tax proceedings. The only question, therefore, to be decided is whether the deed and certificate were properly rejected as the basis of that statute of limitations, on the ground that neither that statute nor any other statute of limitations had been sufficiently set up in the answer to allow of such proof.

We think we may be warranted by the briefs on both sides in considering the case as presenting the question whether the answer is sufficient in this respect on *demurrer ore tenus*, by objection to any evidence under it at the trial showing that said nine months' statute of limitations had run against the plaintiff's action, although upon the record strictly this question may not be presented in the usual manner. The contention of the learned counsel of the appellant is that the tax deed put in evidence by the plaintiff shows that the action is barred by this statute. The contention of the learned counsel for the respondent on this point is that the defendant had not pleaded this statute of limitations. It is to be regretted that the learned counsel of the appellant has overlooked this question in his brief. The answer in this respect is scarcely an attempt to plead the statute of limitations. It cannot be made more definite and certain on motion under the statute, because no facts are alleged which could be made more definite and certain. No facts whatever are stated by virtue of which the legal conclusion that any statute of limitations had run against the

action could follow. The indefiniteness and uncertainty of a pleading, which can be so cured on motion, must be of facts, and no facts at all are stated or attempted to be stated. The pleader merely says, in effect, that statutes of limitations are a bar to the action. What statute, is not even stated as a conclusion of law.

Whatever may have been the common law practice as to pleading the statute of limitations in actions of ejectment, in this state and many other states it is as necessary to plead the statute in such an action as in any other. The statute is general as to all actions which can be barred by the statute. " The objection that the action was not commenced within the time limited, can only be taken by answer." Sec. 4206, R. S. The only exception (if it can be called an exception) is where the facts, by which the statute operates as a bar, are sufficiently stated in the complaint. In such case the objection that the action was not commenced within the time limited may be taken by demurrer, and such demurrer is an answer, according to the opinion of Chief Justice Dixon in *Howell v. Howell*, 15 Wis., 55, within the meaning of the statute. This ruling very clearly shows that the mere mention of the statute of limitations is quite unimportant, but the facts which show that the statute has run in the action are material and essential; and it makes no difference whether such facts appear in the complaint or in the answer, so that they are stated in the pleadings.

At common law the statute of limitations had to be pleaded specially, and all the facts to make the statute applicable must be specially and particularly stated. So strict was this rule that in *Peck v. Cheney*, 4 Wis., 249, the plea in *assumpsit* of *non assumpsit infra sex annos* was held bad when it should have been *non accrevit infra sex annos*. In *Whitney v. Marshall*, 17 Wis., 174, the answer did not specifically claim the benefit of the statute of limitation of three years from the recording of the tax deed, but it set out

such deed and the time of the recording, and it was held sufficient because it set out the facts which made the statute applicable. In this case and in *Orton v. Noonan*, 25 Wis., 672, and in several other cases since, the rule as to pleading the statute in other cases is equally applicable to the action of ejectment, and the statute must be specially pleaded. *Tarbox v. Supervisors*, 34 Wis., 558; *Mead v. Nelson*, 52 Wis., 402. It is said in *Morgan v. Bishop*, 56 Wis., 284, a case similar to this: "Here the defendant does not even set up his tax deed, and, of course, did not and could not plead the statute to protect it." See, also, *Barden v. Supervisors*, 33 Wis., 445; *Lick v. Diaz*, 30 Cal., 65; *Hartson v. Hardin*, 40 Cal., 264; *Robinson v. Allen*, 37 Iowa, 27; *Davenport v. Short*, 17 Minn., 24; *Hutson v. Craighead*, 23 Ohio St., 198.

That the facts must be stated in the answer, which show that the statute of limitations has run against the action of the plaintiff, unless such facts are stated in the complaint, is not an arbitrary rule, but a reasonable one. The plaintiff ought to be apprised of the facts upon which the defendant relies. for the operation of the statute, so as to be ready to meet the evidence, and in order to show the particular statute of limitations relied upon. In this case, not only are no facts stated, but the particular statute is not even stated as a general conclusion,— whether the twenty years', three years', or nine months', or the limitation where persons are under disability. We have been thus particular, and perhaps tedious, on this point, because there seems to have been some question about the rule in such cases. There was no finding upon the question, and no objection or exception because the court failed to find whether the action was or was not barred by the statute of limitations. Whatever the facts may have been, it is quite clear that on the pleadings there was no such issue, so that, on the general merits of the case, the findings, supported by the evidence, warranted the judgment, and it would have been affirmed had there been no

error in the finding and judgment as to the extent of the undivided interest of the plaintiff in the land described.

*By the Court.*— The judgment of the circuit court. is reversed, and the cause remanded, with direction to correct the finding and judgment by making the interest of the plaintiff in the tract of land described in the complaint three eighths instead of five eighths.