PLUMER vs. CLARKE.
GILMORE vs. COMSTOCK.
MOORE and others vs. CLARKE.

*February 4 — February 19, 1884.*

*Limitation of actions: Amendment of pleading: Discretion.*

In actions between individuals it is not an abuse of discretion to refuse to permit the answer to be amended so as to set up the statute of limitations. So *held*, where the answer attempted to plead the statute, but was insufficient by reason of a failure to state any facts, although the defendant's attorney supposed, when the answer was served, that it was sufficient.

APPEALS from the Circuit Court for *Lincoln* County. The appeals are by the defendants from orders refusing to permit the answers to be so amended as to set up the statute of limitations. The facts sufficiently appear from the opinion.

For the appellants there was a brief in each case by *Bump, Hetzel & Canon,* and oral argument by *Mr. Hetzel.*

For the respondents there was a brief in each case by *Silverthorn, Hurley & Ryan,* and oral argument by *Mr. Hurley.*

COLE, C. J. These cases present precisely the same question of law, and will therefore be considered together. The actions are ejectment. In each case the defendant answered: (1) A general denial; (2) "that if the plaintiff ever had any cause of action against the defendant the same is barred by the statute of limitations." Subsequently, the defendants made application to amend the answers, so as to set up in a proper manner the statute of limitations relied on in support of tax certificates and tax deeds under which they claimed title. The circuit court denied the amendments solely on the ground that the proposed amendments set up an unconscionable defense. The question is, Was it, under the circumstances attending the application, an abuse of discretion on the part of the circuit court to deny the motions to amend?

In actions between individuals, this court has uniformly held that the trial court was not guilty of any abuse of discretion in refusing to allow the defendant to amend his answer by pleading the statute of limitations. In actions against counties a different rule has been sanctioned for peculiar reasons applicable to such defendant corporations. See *Baker v. Supervisors,* 39 Wis., 444; *Capron v. Supervisors,* 43 Wis., 613; *Wis. Cent. R. R. Co. v. Lincoln Co.,* 57 Wis., 137. But in suits between private parties the rule first stated has been inflexibly adhered to. These decisions conclusively settle the question of amendment involved here unless the facts shown on the application furnish a ground for holding that they ought not to apply. And giving to these facts and circumstances all the weight to which they are entitled, still they do not warrant us in making these cases an exception to the general rule in respect to amendments setting up the statute of limitations.

It is said by the learned counsel for the defendants that the amendments should have been allowed in furtherance of justice, because the proposed answer was but an amendment

to the original answer, which set up the statute of limitations defectively. In other words, the defendants should have been permitted to set up by amendment a valid defense of the statute, when, in fact, they had made no such defense in the original answer. This is the result of that argument. For in *Paine v. Comstock*, 57 Wis., 159, this court held that precisely such an answer did not sufficiently plead any statute of limitations and contained no allegations of facts which could be made more definite and certain by amendment. Mr. Justice Orton there considers the sufficiency of such an answer as though it had been demurred to *ore tenus* on the trial. And he says the answer could not be made more definite and certain by amendment, even on motion, because no facts are alleged upon which such an amendment would operate. Under the decision in the *Paine Case* each of the answers in question is incurably bad. That being the case, what ground is there for saying that it is an abuse of discretion for the court not to allow a worthless answer to be made good, but no abuse of such discretion to refuse an application to set up the statute of limitations where no such defense was originally relied on. There is no sufficient reason for making a distinction in the cases, and if it would be in furtherance of justice to allow the amendment in the one case, it should be permitted in the other to secure a like end. Consequently, the fact that an attempt was made to plead the statute of limitations in the original answers, or notice given that such defense would be relied on, does not aid the applications to amend. Those applications stand upon the same footing as though no attempt had been made to plead the statute in the first instance.

The case of *Haseltine v. Simpson*, 58 Wis., 579, is referred to, to sustain the position that the defense will be allowed even when it is not well pleaded. In that case the answer stated quite fully the tax deed under which the defendant claimed title; the date of the execution and record of such

deed; and alleged that the statute of limitations applied and would be relied on. The averments in the answer, taken together, showed that it was nine months' limitation which was relied on, as no other could apply. Besides, no objection was taken to the admission of the tax deeds in evidence, on the ground that the statute was not properly pleaded in the answer. Upon the facts it was held that the defendant might have the benefit of the defense.

In *Hiles v. La Flesh, ante,* p. 465, a copy of the tax deed under which the defendant claimed title to the pine timber was made a part of the answer. And the defendant insisted and averred in the answer that the action was barred by the nine months', one year's and three years' limitation. But neither of the above cases qualify the well-settled rule that to make the defense of the statute available, it must be pleaded. *Morgan v. Bishop,* 56 Wis., 284.

The motions to amend were based upon the records and an affidavit of one of the defendants' attorneys, who stated that such attorneys intended by the first answers to plead the statute of limitations on the tax deeds, and supposed when the answers were served that they were sufficient for that purpose; that the defense of the statute was relied on and was not intended to be waived. It is further stated that prior to serving these answers, in a large number of actions of ejectment in which the defendants claim title under tax deeds, the circuit court had held that precisely similar answers sufficiently set up the statute of limitations, and that defendants' attorneys in these cases relied on the correctness of these rulings of the circuit court until the decision in the *Paine Case* was announced. But we do not see anything in these matters which can or ought to affect the question whether the court below abused its discretion in refusing the amendments. The facts stated in the affidavit merely show that the defendants' attorneys were mistaken on a question of law as to the sufficiency of their pleading.

They doubtless supposed the answers served were sufficient to admit the defense of the statute, when such answers were incurably defective for that purpose. Under all the circumstances we see no ground for saying that the discretion of the court below was improperly exercised, even in view of the liberal authority or discretion to allow amendments under sec. 2830, R. S.

The order of the circuit court in each of the above cases must be affirmed.

*By the Court.*— It is so ordered.