SMITH vs. DRAGERT.

*February 25 — March 18, 1884.*

*Limitation of actions: Pleading.*

The defense of the statute of limitations is not available unless the *facts* are stated upon which such defense is based.

APPEAL from the Circuit Court for *Shawano* County.

The action is ejectment. The complaint is in the form required by statute. The answer contains only a general denial and a claim of the benefit of several statutes of lim-

itation therein specified. On the trial before the court (a jury having been waived) the plaintiff proved title in fee to the lands claimed, through and under a patent from the United States. The defendant admitted that when the action was commenced he claimed title to such lands. The defendant introduced eight tax deeds in due form, of the same lands, to his grantor, issued and recorded in the years 1870 and 1873, respectively. Also a conveyance of the same lands by the grantor in such tax deed to himself. The plaintiff offered testimony to impeach the validity of such tax deeds in several particulars, but the court excluded the testimony. The court thereupon found that the statute of limitations had run in favor of such tax deeds, and that the defendant was the owner of the lands in controversy. Judgment for the defendant was entered accordingly, from which the plaintiff has appealed to this court.

For the appellant there was a brief by *Ellis, Greene & Merrill,* and oral argument by *Mr. Greene.*

*H. C. Sloan,* for the respondent.

LYON, J. The answer alleges no facts upon which to base the defense of any statute of limitations. Hence, within the rule established in *Morgan v. Bishop,* 56 Wis., 284, and *Paine v. Comstock,* 57 Wis., 159, that defense is not available to the defendant. It was error, therefore, to reject the testimony offered by plaintiff to impeach the tax deeds under which the defendant claims. Because such testimony was improperly rejected there must be another trial.

*By the Court.*— Judgment reversed, and cause remanded for a new trial.