## SMITH VS. DRAGERT.

*September 27 — October 14, 1884.*

*Amendment of pleading: Statute of limitations: Refusal to exercise discretion: Appeal.*

1. The trial court may, in its discretion, allow a pleading to be so amended as to set up the statute of limitations.
2. Where the trial court has power in its discretion to do an act, a refusal to exercise such discretion on the ground that it has no such power, is an error of law for which its order will be reversed; but this court will not determine in what way such discretion should be exercised.

APPEAL from the Circuit Court for *Shawano* County.

The case is thus stated by Mr. Justice CASSODAY:

"This is an action of ejectment brought by the original owner against one in possession claiming under the grantee in a tax deed. The original answer contained a general denial, and an ineffectual attempt to plead several statutes of limitation, as held by this court. *Smith v. Dragert*, 60 Wis. 139. On the case being remanded to the trial court, the defendant, upon affidavits and notice, applied to the trial court for leave to serve and file an amended answer properly setting up the statute of limitation. Upon hearing the motion the trial court made an order reciting, in effect, that the defendant had made an extreme case in favor of granting the leave asked for, and that the same would have been granted if the court had had any power to exercise any discretion in the premises; but, having no such power, the court was compelled to deny the same, which for that reason alone was so ordered. To that order the defendant duly excepted, and from it he now appeals."

*Moses Hooper*, for the appellant.

For the respondent the cause was submitted on the brief of *Ellis, Greene & Merrill*.

Smith vs. Dragert.

CASSODAY, J.   The allowance or disallowance of an amendment to a pleading setting up a statute of limitation or a plea of usury, rests in the sound discretion of the trial court, under all the circumstances of the case.   In accordance with that principle this court has frequently sustained orders of the trial court refusing to grant such amendment.   *Fogarty v. Harrigan,* 28 Wis. 142; *Eldred v. Oconto Co.* 30 Wis. 206; *Meade v. Lawe,* 32 Wis. 261; *Dehnel v. Komrow,* 37 Wis. 336; *Plumer v. Clarke,* 59 Wis. 646.   It has also sanctioned the right of the trial court, in the exercise of such discretion, to grant such amendment.   *Newman v. Kershaw,* 10 Wis. 340; *Jones v. Walker,* 22 Wis. 220; *Orton v. Noonan,* 25 Wis. 676; *Baker v. Supervisors,* 39 Wis. 444; *Wis. Cent. R. R. Co. v. Lincoln Co.* 57 Wis. 137.   Where such discretionary power has in fact been exercised by the trial court in a given case, this court, in the review of such exercise, only determines whether there has been an abuse of such discretion.   *Dehnel v. Komrow, supra; Capron v. Supervisors,* 43 Wis. 617; *Plumer v. Clarke, supra; Phœnix Mut. L. Ins. Co. v. Walrath,* 53 Wis. 669; *Wallis v. White,* 58 Wis. 28; *Jones v. Evans,* 28 Wis. 168.

In the case at bar the trial court expressly refused to exercise such discretion on the asserted assumption that it had no such power.   This was error.   Where a trial court has, in the exercise of a sound discretion in a given case, power to do or not to do a certain act, a refusal to exercise such discretion, upon the expressed assumption that it has no such power, is an error of law which eliminates from the case the question whether there was any *abuse* of discretion. *Wallis v. White,* 58 Wis. 28, 29; *Phœnix Mut. L. Ins. Co. v. Walrath,* 53 Wis. 676–7; *King v. Justices,* 14 East, 395; *Russell v. Conn,* 20 N. Y. 83; *Tracy v. Altmyer,* 46 N. Y. 598; *Tilton v. Beecher,* 59 N. Y. 176; *Attorney Gen. v. Continental L. Ins. Co.* 88 N. Y. 77; *Tolman v. S. B. & N. Y. R. R. Co.* 92 N. Y. 353.   We confine our decision here to

the error of law strictly, leaving open to the trial court its rightful exercise of a sound discretion.

*By the Court.*— The order of the circuit court is reversed, and the cause is remanded for further proceedings according to law.