MORGAN and another vs. BISHOP and wife.

*October 18 — November 6, 1884.*

PLEADING: STATUTE OF LIMITATIONS. *(1) Amendment setting up stat-
ute to protect tax title: Discretion: Terms. (2) Answer construed:
Greater time includes less.*

1. Upon an application for the allowance of an amendment setting up
the statute of limitations in favor of a tax title claimant, the
court, in the exercise of a sound discretion, should secure substan-
tial justice to the parties under all the circumstances, regard being
had to the original ownership, the nature of the respective tenures
asserted, whether the favor is asked by a private party or a mu-
nicipality, the character of the intervening possession, whether
the value has been increased by improvements or diminished by
waste, the state of the litigation, the amount of costs already in-
curred, the necessity for a continuance, and any other fact going
to the equity of such allowance. Under the circumstances of this
case, the only condition of the allowance being the payment of
costs for which the party (who was presumably responsible) was
already liable, and $10 costs of motion, it is *held* that there was an
abuse of discretion.

2. An answer in ejectment alleged that more than three years had
elapsed since the date of tax certificates upon which the tax
deeds had been issued under which the defendant claimed; that
such certificates had become by lapse of time perfectly valid and
that consequently there could be no inquiry into the validity of
any of the tax proceedings prior to the sale; and that the defend-
ant would rely upon the protection of the statute of limitations.
*Held,* that the three years mentioned would include the nine
months mentioned in sec. 1210e, R. S., so as to make the limitation
of that section available under the answer.

APPEAL from the Circuit Court for *Dodge* County.

The case is thus stated by Mr. Justice CASSODAY:

" This is an action of ejectment, with a complaint in the
form prescribed by statute. At first the defendants answered
separately, in effect denying title in the plaintiffs; admitting
possession in *D. S. Bishop;* claiming it as rightful; alleging
absolute ownership in fee in him; and denying and disclaim-

ing title or possession in his wife. On the trial the defendants put in evidence and relied upon a tax deed. The plaintiffs offered evidence to impeach the tax deed, but it was excluded, notwithstanding the statute of limitations had not been pleaded, and because of such exclusion the judgment was reversed by this court. 56 Wis. 284.

"Upon the cause being remanded the venue was changed from Shawano to Dodge county, July 3, 1883, on application of the plaintiffs. July 19, 1883, the papers were certified to Dodge county. September 1, 1883, the cause was noticed for a second trial upon the same issues, by the defendants, at the regular September term of the court for Dodge county for 1883, whereupon the plaintiffs subpœnaed their witnesses at a considerable expense, and were ready for trial at said term. September 1, 1883, the defendants served upon the plaintiffs notice of a motion to be made September 25, 1883, for leave to amend the answer of *D. S. Bishop*, with a copy of the proposed amended answer and his affidavit, upon which, with the papers served and filed in the cause, the motion was based.

"The affidavit of *Bishop* states, in effect, that the plaintiffs claimed title to the land by virtue of a deed from William and John Wharton, who claimed under two tax deeds, each dated November 17, 1869; that the affiant was the owner of the original title to the land derived from and under the patent therefor from the United States; that December 7, 1880, he, on payment of $350, purchased and obtained a conveyance of the land from one Wescott, who derived his title under and through a tax deed issued to Shawano county on a tax sale subsequent to the tax deed under which the plaintiffs claim title; that the statute of limitations had not been pleaded because he had been advised by his counsel that it was available to the defendants without pleading it; and that he had relied upon such advice.

" The proposed amended answer alleged, in effect, that the taxes on the land for 1876 were unpaid and returned as ·delinquent, and that the lands were sold thereon May 8, 1877; that certificates of sale, in the usual form, were issued to the purchaser thereon; that the lands were never redeemed from the sale; that tax deeds were executed and delivered to the county thereon, July 3, 1880; that the title so acquired by the county had been duly conveyed to the defendants; that more than three years had elapsed since the date of the tax certificates upon which such tax deeds were executed; that upon the trial the defendants would insist that the tax certificates had, prior to the issuing of the tax deed, become, by lapse of time, completely, · perfectly, and absolutely valid in the law; and that, consequently, there could be no inquiry into the validity of any of the tax proceedings prior to the tax sale; and that the defendant would, upon the trial of the cause, rely and insist upon the benefit and protection of the statute of limitations; and that the plaintiffs' cause of action did not accrue within one year prior to the commencement of this action.

" In opposition to the motion, one of the plaintiffs, by affidavit, testified that the plaintiffs contracted with one Wall for a good, sure, perfect, and absolute title in fee simple to the lands in 1870 or 1871, agreeing to pay therefor the full value thereof, and did pay for that and other lands purchased at the same time $2,200, and on November 30, 1872, received a warranty deed conveying the same to them, executed by James P. Buck and wife and Theodore Johnson and wife, whom he understood and verily believed at the time were seized in fee simple of the lands under a regular chain of title from the government of the United States; that ever since the contract therefor the plaintiffs had possessed and used the lands as their own property; and that they claimed title under and by virtue of the warranty deed.

" The court ordered that the 'defendants have leave to

amend their answer, as prayed for in their motion, by paying the costs taxed in the supreme court in favor of plaintiffs, amounting to $67.52, and ten dollars costs of this motion.' From that order the plaintiffs appeal."

For the appellants there was a brief by *Jackson & Thompson*, and oral argument by *Mr. Jackson*.

For the respondents the cause was submitted on the brief of *G. W. Washburn*.

CASSODAY, J.  We have just held that a trial court may, in the exercise of a sound discretion under all the circumstances of a given case, allow an amendment to a pleading setting up the statute of limitations. *Smith v. Dragert*, *ante*, p. 222.  Where, upon a proper application, such power has been exercised, this court only determines whether there has been an abuse of such discretion.  *Ibid.*  True, as urged, the time for answering had long expired, and the failure to set up the statute of limitations in the original answer was, for the time being, a waiver of the right given by the statute; but the court, nevertheless, had power in its discretion, on motion, and for good cause shown, and *upon such terms as were just, to allow* such amendment after the time limited had expired.  Sec. 2831, R. S.; *Woodruff v. Depere*, 60 Wis. 128.  So the court, at any stage of the action, in *furtherance of justice*, and upon *such terms* as were just, was empowered to allow the answer to be thus amended. Sec. 2830, R. S.; *Smith v. Dragert, supra.*

What will be in "furtherance of justice," and what "terms" are to be regarded as "just," must depend upon the facts of each particular case.  *Orton v. Noonan*, 25 Wis. 676; *Capron v. Supervisors*, 43 Wis. 617.  But it must be remembered, that a far more stringent rule obtains where an answer is sought to be amended by setting up the plea of usury, or the statute of limitations in favor of a tax title claimant, in a suit between private persons, than in other

cases. Thus, in allowing an amendment setting up the plea of usury, it has been held not to be an abuse of discretion to require the payment of what was justly due as a condition of allowing the amendment. *Newman v. Kershaw,* 10 Wis. 340; *Jones v. Walker,* 22 Wis. 220; *Weber v. Zeimet,* 27 Wis. 685. To allow such amendment, setting up the plea of usury without imposing terms which were substantially just, has been held to be an abuse of discretion. *Dole v. Northrop,* 19 Wis. 249. This court has frequently gone so far as to sustain orders, in suits between private parties, refusing to allow amendments setting up the statute of limitations in favor of a tax title claimant. *Fogarty v. Horrigan,* 28 Wis. 142; *Eldred v. Oconto Co.* 30 Wis. 206; *Meade v. Lawe,* 32 Wis. 266; *Dehnel v. Komrow,* 37 Wis. 336; *Plumer v. Clarke,* 59 Wis. 646. On the other hand, the rigidity of the rule should be relaxed when the application is made by a municipal corporation *(Baker v. Supervisors,* 39 Wis. 444; *Capron v. Supervisors,* 43 Wis. 613; *Wis. Cent.R.R.Co. v. Lincoln Co.* 57 Wis. 137), or by the original owner against a tax title claimant. *Orton v. Noonan,* 25 Wis. 676; *Eldred v. Oconto Co.* 30 Wis. 208; *Wilson v. Henry,* 35 Wis. 245.

Such being the established rules of law, the obvious duty of a trial court, sitting as a court of conscience, in the exercise of a sound discretion upon such application, is to do or secure substantial justice to the parties under all the circumstances, regard being had to the original ownership, the nature of the respective tenures asserted, whether the favor is asked by a private party or a municipality, the character of the intervening possession, whether the value has been increased by improvements or diminished by cutting timber or other waste, the state of the litigation, the amount of costs that have been incurred, whether the allowance of such amendment would work a continuance, and any other fact going to the equity of such allowance. Here there seems to have been a substantial disregard of these salutary consid-

erations.   True, the order was conditioned upon the payment of the costs taxed in favor of the plaintiffs and against the defendants in this court, but the plaintiffs were entitled to those costs as a matter of right, and had asked for no such aid to coerce collection.   Presumably, the defendants were responsible.   Hence the making of the payment of such costs a condition of the order was not the imposition of just terms, nor any substantial terms, nor in the furtherance of justice.   The further condition of the payment of $10 costs of the motion was the usual allowance upon ordinary amendments.

The plaintiffs claim that they contracted for a good, sure, perfect, and absolute title in fee simple to the lands in 1870 or 1871; paid the full value thereof; had possessed and used the lands ever since as their own property, and claimed title by virtue of a warranty deed given in 1872, in pursuance of such contract, by persons whom the plaintiffs understood and verily believed at the time to be seized in fee simple of the lands under a regular chain of title from the United States.   The defendant *D. S. Bishop* claims that the title acquired by the plaintiffs was derived from two tax deeds issued in 1869, and from no other source.   If such were the fact, still the question would recur whether the original title was terminated and extinguished by such tax deeds.   If it was, and the title became conclusively fixed in the plaintiffs, then we see no reason why the plaintiffs should not, as against one claiming under a subsequent tax deed, be regarded as the original owner.   But the defendant *D. S. Bishop* claims to be more than a mere tax title claimant. He avers in his affidavit "that he is the owner of the original title to said lands, derived from and under a patent therefor from the United States."   But he fails to aver when he obtained such original title, or from whom, or what he paid for it.   If he obtained it, or rather a deed purporting to convey it, after it had been extinguished, from one who

formerly owned it, merely in aid of his claim of title under the tax deed previously acquired, then it may be questionable whether such conveyance would aid him on such application, especially if it was obtained for a mere nominal consideration.

We have referred to these things merely as bearing upon the equities, which are not very fully disclosed by either party. Just what conditions should in the furtherance of justice be imposed in a given case must always rest in the sound discretion of the trial court in the first instance. In reviewing the exercise of such discretionary power this court is confined to its abuse. *Smith v. Dragert, ante,* p. 222.

Counsel for the plaintiffs claimed, on the oral argument, that the proposed amended answer failed to plead any statute of limitation applicable to the case. The answer does not attempt to plead any statute of limitation as to the tax deed, and in fact could not successfully, as it appears from the record that it was recorded August 2, 1880, being less than nine months prior to April 23, 1881, when the action was commenced. The amendment was manifestly interposed to protect the tax certificates against irregularities occurring on or prior to their date. The answer does not refer to any particular statute of limitation, and the learned counsel for the defendant refers to none in his brief. We have been somewhat at a loss to know just what particular statute he does intend to rely upon. The reference to a one-year statute of limitation in the answer probably was intended to refer to sec. 3, ch. 309, Laws of 1880. But we do not understand that that section is applicable to these certificates. True, the answer alleges that more than three years had elapsed since the date of the tax certificates, but we are not aware of any three-years statute applying to tax certificates. The only statute protecting tax certificates against prior irregularities, applicable to this case, that we are aware of, is sec. 1210*e*, R. S. Being the only statute

applicable to the certificates, and the facts pleaded being sufficient to show its applicability to cure " the tax proceeding prior to the tax sale," and it being alleged that the defendant will rely and insist upon the benefit and protection of the statute of limitations, we must hold that the three years therein mentioned, although much the greater, nevertheless includes and covers the nine months mentioned in sec. 1210e, R. S., which, under the decisions of this court, may be interposed in an action of ejectment as well as in the equitable actions therein referred to. *Mead v. Nelson,* 52 Wis. 402; *Smith v. Sherry,* 54 Wis. 128; *Clarke v. Lincoln Co.* 54 Wis. 578; *Morgan v. Bishop,* 56 Wis. 284; *Dreutzer v. Smith,* 56 Wis. 292; *Paine v. Comstock,* 57 Wis. 159; *Haseltine v. Simpson,* 58 Wis. 586; *Smith v. Dragert,* 60 Wis. 139; *Hiles v. La Flesh,* 59 Wis. 465.

As the order must be reversed by reason of the abuse of discretion, and the case sent back for further proceedings, we have felt called upon to make the above references to the proposed answer.

*By the Court.*— The order of the circuit court is reversed, and the cause is remanded for further proceedings according to law.